UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOHN TURNAGE,

        Plaintiff,

v.

JOHN DOE (CITY OF MINNEAPOLIS, MINNESOTA)
JOHN DOE (PYSCHARIST),

        Defendants.

Civil File No. 05-2485 (PAM/JSM)

REPORT AND RECOMMENDATION

---

Plaintiff, a federal prison inmate, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. Sec. 1983." (Docket No. 1.) The matter is presently before this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

In 2000, Plaintiff was arrested in Minneapolis, Minnesota, for "a bogus check case." At the recommendation of his public defender, Plaintiff was examined by a "Psyche" doctor.

---

[1] Plaintiff did not tender the required filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The IFP application indicates that Plaintiff may be unable to afford even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Based on the information in the IFP application, the Court finds, for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

The doctor performed a "psyche evaluation," which allegedly showed that Plaintiff was "anti-social, schicophrenic [sic], mild[ly] retard[ed], [and] depressive," and that he had a "below average I.Q." After that evaluation was completed, Plaintiff pleaded guilty to the charges that were then pending against him, and he was placed on probation.

The results of Plaintiff's 2000 "psyche evaluation" were not disclosed to him until 2004, when he was arrested and charged with the offense that led to his current federal imprisonment. (The nature of that offense is not disclosed in the complaint.) Plaintiff now claims that "the city of Minnesota [sic] and the Psyche that did the evluation [sic] was [sic] well aware of the problems" but "did nothing... to deal with it."

Based on these allegations, Plaintiff is now attempting to sue two Defendants who are identified only as "John Doe (City of Minneapolis, Minnesota) and John Doe (Pyscharist [sic])." He is seeking a judgment of "$50,000.00 or more in compensatory damages for the mental anguish," which he allegedly has suffered "because of not receving [sic] the proper medication or therapy for mental disability." He is also asking for "$50,000.00 or more in punitive damages" for alleged violations of his "rights to be free from cruel and unusual punishment."

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government entities or employees, his pleading is subject to initial "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must

determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable civil rights claim under 42 U.S.C. § 1983, as Plaintiff apparently is attempting to do here, a complainant must allege facts which, if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Furthermore, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (same). In other words, civil rights claimants must plead facts showing the defendant's personal involvement in alleged constitutional wrongdoing. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of prisoner's civil rights claims against prison officials, because his complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim"). Thus, in order to plead a § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights.

Plaintiff's current pleading fails to state any actionable § 1983 claim, because there are no factual allegations describing anything that anyone purportedly did, or failed to do, that could be viewed as a violation of Plaintiff's constitutional rights. It appears that Plaintiff is attempting to sue Defendants for (a) not telling him about the results of a psychiatric evaluation that allegedly was performed five years ago, and (b) not treating him for certain disabilities allegedly disclosed by that evaluation. However, there are no allegations suggesting that Defendants had a <u>constitutional</u> duty to disclose the results of the evaluation to Plaintiff, or that Defendants had a <u>constitutional</u> duty to treat him for the disabilities allegedly identified in the evaluation. In other words, there are no allegations in the complaint which, if proven true, would establish that the named Defendants violated any of Plaintiff's rights under the federal Constitution.

Furthermore, there are other pleading defects in this case, which preclude Plaintiff from proceeding against either of the two named Defendants under § 1983. First, there are no allegations suggesting that Defendant "John Doe (Pyscharist [sic])" is a state actor who can be sued in a § 1983 action. The other named Defendant apparently is the City of Minneapolis, which can be sued under § 1983 only if Plaintiff's constitutional rights were violated as a result of some municipal policy or custom, or some failure to properly train municipal employees. <u>City of Canton v. Harris</u>, 489 U.S. 378, 386-87 (1989). Plaintiff's current pleading includes no such allegations, so it fails to state a cause of action against the City of Minneapolis.

### III.  CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint fails to state any actionable § 1983 claim against either of the named Defendants. Therefore, this

action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It follows that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), must also be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $250 filing fee.[2] He has not yet paid any part of the filing fee, so he still owes the full $250. That amount will have to be deducted from his institutional trust account and paid to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $250.00, in accordance with 28 U.S.C. § 1915(b)(2); and

---

[2] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

4.  For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated:     November 2, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by November 21, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.